# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PORTO TECHNOLOGY CO., LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**MOTOROLA MOBILITY LLC,**<br><br>Defendant. | **Civil Action No. 2:15-cv-460**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Porto Technology Co., LTD. ("Porto" or "Plaintiff") makes the following allegations against Motorola Mobility LLC ("Defendant"):

## PARTIES

1. Plaintiff Porto is a Korean Company, having a principal place of business of B-1011 Mapotrapalce 53 Mapodaero, Mapo-ku, Seoul, Korea 121-784.

2. Motorola is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 222 W. Merchandise Mart Plaza, Chicago, IL 60654. Defendant can be served via its registered agent for service of process: C T Corporation System, 208 So Lasalle St., Suite 814, Chicago, IL 60604.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,233,518

6. Mr. Ji-Soo Lee, is the owner by assignment of United States Patent No. 6,233,518 ("the '518 Patent") titled "Method and System for Providing an Image Vector-Based Traffic Information." The '518 Patent was duly issued on May 15, 2001. A true and correct copy of the '518 Patent is attached as Exhibit A.

7. Porto Technology Co., LTD. is the exclusive licensee of the '518 Patent. The exclusive license, dated April 24, 2013, grants all substantial rights to Porto, including the exclusive right "to make, use, sell, offer to sell, and import any Licensed Inventions, including the right to sue for past, present, the future damages." Porto further has the right to grant sublicenses to third parties and to transfer, sell, or assign the rights conferred under the exclusive license agreement. The exclusive license granted to Porto remains effective until the expiration date of the '518 Patent.

8. Upon information and belief, Defendant has been and is now infringing the '518 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by,

among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems (including, without limitation, Motorola Android phones with one or more map apps such as the Moto X (2nd Generation)) that perform at least the method of displaying an image-based traffic information comprising the steps of: receiving a traffic information map which includes at least a traffic state map, said traffic state map includes a plurality of time-variant image vector entities in a specified region and each of the time-variant image vector entity includes an attribute-designating statement, an shape-designating statement and a position-designating statement; displaying a first image in accordance with a basic map on a screen, said basic map including a plurality of time-invariant image vector entities in the specified region; and displaying a second image in accordance with said traffic state map such that said second image is cumulatively displayed on the first image, covered by one or more claims of the '518 Patent to the injury of Porto. Defendant is directly infringing, literally infringing, and/or infringing the '518 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '518 Patent pursuant to 35 U.S.C. § 271.

9. Additionally, and in the alternative, upon information and belief, Defendant has also been inducing infringement of the '518 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of '518 Patent, including, but not limited to, Motorola Android phones with one or more map apps such as the Moto X (2nd Generation). Defendant provides these products to others, such as customers, resellers, third-party developers, and end-use consumers who, in turn, use, offer for sale, or sell in the United States these accused products that infringe one or more claims of the '518 Patent.

10.     Defendant indirectly infringes the '518 Patent by inducing infringement by others, such as resellers, customers, third-party developers, and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers, third-party developers, and end-use consumers of Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).

11.     Defendant instructs and induces others to practice methods that infringe the '518 Patent by providing instructions, developer's guide, and other documentations.  Since at least as early as the filing date of this Complaint, Defendant has had knowledge of the '518 patent and, by continuing the actions described above, has had the specific intent to induce infringement of the '518 patent pursuant to 35 U.S.C. § 271(b).

12.     Defendant's affirmative acts of selling and providing the accused Motorola Android phones with one or more map apps such as the Moto X (2nd Generation), causing the accused products to be manufactured and distributed, and providing instructions for using the accused products, induce Defendant's resellers, customers, third-party developers, and end-use consumers to use the accused products in their normal and customary way to infringe one or more claims of the '518 Patent. Defendant performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '518 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

13.     Defendant specifically intends for others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe one or more claims of the '518 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Defendant induces such infringement by

its affirmative action by, among other things: (a) providing advertising on the benefits of using the Motorola Android phones with one or more map apps such as the Moto X (2nd Generation); and (b) providing instruction on how to use the Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).

14.     Accordingly, a reasonable inference is that Defendant specifically intends for others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe one or more claims of the '518 Patent in the United States because Defendant has knowledge of the '518 Patent at least as of the date this lawsuit was filed and Defendant actually induces others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe the '518 Patent by using, selling, and/or distributing, within the United States, the accused products.

15.     Defendant has also been contributing to the infringement of the '518 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by making, selling or offering to sell in the United States the accused Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).  These products have been or are integrated or preinstalled in Defendant's Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).  Since at least the filing date of this Complaint, Defendant has had knowledge of the '518 patent and, by continuing the actions described above, has had the knowledge that the products are especially made or adapted for use in a way that infringes the '518 Patent.  The Motorola Android phones with one or more map apps such as the Moto X (2nd Generation), that Defendant provides are a significant part of the inventions of the claims of the '518 Patent and have no significant non-infringing use.

16. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '518 Patent complied with any such requirements.

17. As a result of Defendant's infringement of the '518 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '518 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,532,413

19. Mr. Ji-Soo Lee, is the owner by assignment of United States Patent No. 6,532,413 ("the '413 Patent") titled "Method and Apparatus for Providing Time-Variant Geographical Information and a User Device Therefor." The '413 Patent was duly issued on March 11, 2003. A true and correct copy of the '413 Patent is attached as Exhibit B.

20. Porto Technology Co., LTD. is the exclusive licensee of the '413 Patent. The exclusive license, dated April 24, 2013, grants all substantial rights to Porto, including the exclusive right "to make, use, sell, offer to sell, and import any Licensed Inventions, including the right to sue for past, present, the future damages." Porto further has the right to grant sublicenses to third parties and to transfer, sell, or assign the rights conferred under the exclusive license agreement. The exclusive license granted to Porto remains effective until the expiration date of the '413 Patent.

21.     Upon information and belief, Defendant has been and is now infringing the '413 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems (including, without limitation, Motorola Android phones with one or more map apps such as the Moto X (2nd Generation)) method for a computer-readable medium containing a program of instructions to perform a method for processing a route information representing at least one path to a specific location, said method comprising the steps of: receiving a route indication information ("RII") including a map identification and a plurality of graphic vectors, each of said graphic vectors for RII including an attribute designating statement, a shape designating statement and a position designating statement, said attribute designating statement being composed of an attribute designating command and at least one attribute value; and selecting a basic map in accordance with said map identification of the RII, said BM including an image data for representing time-invariant components in a region; and producing a route-information containing image data in accordance with said BM and said RII which is to be applied to a display panel, covered by one or more claims of the '413 Patent to the injury of Porto. Defendant is directly infringing, literally infringing, and/or infringing the '413 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '413 Patent pursuant to 35 U.S.C. § 271.

22.     Additionally, and in the alternative, upon information and belief, Defendant has also been inducing infringement of the '413 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, intending that others use, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of '413

Patent, including, but not limited to, Motorola Android phones with one or more map apps such as the Moto X (2nd Generation). Defendant provides these products to others, such as customers, resellers, third-party developers, and end-use consumers who, in turn, use, offer for sale, or sell in the United States these accused products that infringe one or more claims of the '413 Patent.

23. Defendant indirectly infringes the '413 Patent by inducing infringement by others, such as resellers, customers, third-party developers, and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers, third-party developers, and end-use consumers of the Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).

24. Defendant instructs and induces others to practice methods that infringe the '413 Patent by providing instructions, developer's guide, and other documentations. Since at least as early as the filing date of this Complaint, Defendant has had knowledge of the '413 patent and, by continuing the actions described above, has had the specific intent to induce infringement of the '413 patent pursuant to 35 U.S.C. § 271(b).

25. Defendant's affirmative acts of selling and providing the Motorola Android phones with one or more map apps such as the Moto X (2nd Generation), causing the accused products to be manufactured and distributed, and providing instructions for using the accused products, induce Defendant's resellers, customers, third-party developers, and end-use consumers to use the accused products in their normal and customary way to infringe one or more claims of the '413 Patent. Defendant performs the acts that constitute induced infringement, and induce actual infringement, with the knowledge of the '413 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

26. Defendant specifically intends for others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe one or more claims of the '413 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as limitation, Defendant induces such infringement by their affirmative action by, among other things: (a) providing advertising on the benefits of using the Motorola Android phones with one or more map apps; and (b) providing instruction on how to use the Motorola Android phones with one or more map apps.

27. Accordingly, a reasonable inference is that Defendant specifically intends for others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe one or more claims of the '413 Patent in the United States because Defendant has knowledge of the '413 Patent at least as of the date this lawsuit was filed and Defendant actually induces others, such as resellers, customers, third-party developers, and end-use consumers, to directly infringe the '413 Patent by using, selling, and/or distributing, within the United States, the accused products.

28. Defendant has also been contributing to the infringement of the '413 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by making, selling or offering to sell in the United States the accused Motorola Android phones with one or more map apps such as the Moto X (2nd Generation).  Since at least the filing date of this Complaint, Defendant has had knowledge of the '413 patent and, by continuing the actions described above, has had the knowledge that the products are especially made or adapted for use in a way that infringes the '413 Patent.  The Motorola Android phones with one or more map apps such as the Moto X (2nd Generation) product that Defendant provides are a significant part of the inventions of the claims of the '413 Patent and have no significant non-infringing use.

29. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '413 Patent complied with any such requirements.

30. As a result of Defendant's infringement of the '413 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

31. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '413 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '518 and '413 Patents;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '518 and '413 Patents, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '518

and '413 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

    4.    Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Porto, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED April 3, 2015.

Respectfully submitted,
By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**
**PORTO TECHNOLOGIES, LLC**